Babcock, J.
This is a hearing in appeal from a justice 'court for the discharge of an attachment.
The question involved is, whether a water heater for defendant’s house, sold to defendant’s husband, and shown in some respects incompetent to do the work, though not otherwise defective, is “necessaries” within the section of the statute which authorizes attachment upon the ground that the defendant is indebted for “necessaries.”
1st. I find that the defendant was the undisclosed principal; and, though the purchase was made by the husband and the goods charged to him, the' defendant was the principal in the contract, and the husband but an agent.
2d. I find that the water heater failed to come up to the requirements of the use to which it was put in heating water for *582 the house; that it was not otherwise defective, and that the question involved, as to whether the contract was for necessaries furnished, is not governed by the question of any guaranty as to what the heater would accomplish, which may have been made.
Section 5430 of the Revised Statutes (11725, General Code)', provides for the exemption of personal earnings “ necessary to the support of such debtor”; and, further, that if the claim is one for ‘ ‘ necessaries ’ ’ furnished to the debtor, and so forth, then only ninety per cent, of such personal earnings of the debtor shall be so exempt.
Section 5441, Revised Statutes (11738, General Code), provides for property exempt from levy, and then excepts from its provision debts or demands “for necessaries furnished to such debtor.”
Section 5521, Revised Statutes (11819, General Code), provides that in a civil action for the recovery of money, the plaintiff may have an attachment upon many grounds, the tenth of which is, that the claim is for work or labor or for “necessaries”; and
Section 6489, Revised Statutes (10253, General Code) (being a part of the justice code), provides for the allegations of the affidavit in attachment; and, of the nine grounds stated, some one of which is necessary to be inserted in the affidavit, exception is made when the claim is for “work or labor or for necessaries. ’ ’
These are the only provisions where the statute uses the term “necessaries,’’ in the body of law known as exemption statutes of the state; and in none of them are the terms employed defined.
At common law, infants may make contracts for necessaries, and so may married women. Many decisions limit the definition of necessaries for which infants may contract to a narrower class than do the exemption statutes; for in the former case questions arise as to the power to make contracts1, while in the latter class the question is of relief from execution and performance of contract.
I am of opinion thát the word “necessaries” in all four of the exemption statutes has the same meaning.
*583 An instructive opinion is found in Tupper v. Cadwell, 12 Met., 559, as to the general principle determining the question of what are necessaries. Dewey, J., says:
‘ ‘ It has sometimes been contended that it was enough to charge the party, though a minor, that the contract was one plainly beneficial to him in a pecuniary point of view. That perhaps is by no means true, if by it it be intended to sanction an inquiry in each particular case whether the expenditure or articles contracted for were beneficial to the pecuniary interests of the minor. The expenditures are to be limited to cases where, from their very nature, expenditures for such purposes would be beneficial ; or, in other words, they must apply to a class of expenditures which are in law termed beneficial to the infant. What subjects of expenditure are included in this class is a matter of law to be decided by the court. The further inquiry may even arise, whether expenditures, though embraced in this class, were necessary and proper in the particular ease; and this may present a question of fact. It is, therefore, a preliminary question to be settled, whether the alleged liability arose from expenditures for what the law deems ‘necessaries’; and unless that be shown, it is not competent to introduce evidence, to show that, in a pecuniary point of view, the expenditure was beneficial to the minor, as that is irrelevant.”
Applying this principle to the question at bar, whether this was a contract for necessaries, we have to determine, first, whether it applies to the class which, from its nature, involves necessaries; second, if it applies to that class, the question of fact arises, whether, in this particular instance, it was necessary.
For the want of time to examine the authqrities of our own state to get a satisfactory definition of the scope and meaning of the term “necessaries,” I have taken an authority quoted in the American & English Encyclopaedia of Law (O. S.), Volume 16, page 369: *584 furniture, and would indeed protect merely those rude contrivances which are used only in the savage state. The word was obviously used in a larger sense. It was intended, to embrace those things which are requisite in order to enable the debtor not merely to live, but to live in a convenient and comfortable manner.
*583 “We think the word ‘necessary’ was not intended to denote those articles of furniture only which are indispensable to the bare subsistence of the person for whose benefit the law was designed—the debtor and his family. According to such a limited construction, it would exclude many things which universal usage and the common understanding of that word in reference to this subject have pronounced to be necessary articles of household
*584 “Articles which are unusually valuable, so as to properly be regarded as ornaments, can not be exempt under a statute exempting household furniture necessary for supporting life.
“Again, in these statutes where the exemption is confined by statute to necessary wearing apparel, the word necessary is not to be understood in its most rigid sense, implying something indispensable, but is equivalent to convenient and comfortable. ’ ’
Smith v. Getz, 9 O. C. C., (N. S.), 321:
‘ ‘ To have the benefit of the attachment law, a claim must be for something classified as necessary, and of a reasonable quantity; but the creditor is not bound to inquire, as he is in the case of an infant, 'whether the person he is dealing with is already supplied.”
Watkins v. Schlecter, 7 N. P., 42:
‘ ‘ The word necessaries * * * applies to purchases of food, clothing, medicine, habitation and education, or whatever is necessary to sustain or maintain a living person, but does not include burial expenses. ’ ’
Claim for coal held necessary in Collins v. Bingham, 22 O. C. C., 533.
I think it a safe proposition, that the Legislature did not intend to use the word necessaries in its narrow sense of meaning indispensable, but rather in that other sense which imports all articles enabling a family to live conveniently and decently according to the custom of the country in which they reside. In that liberal construction of the word, I am of opinion that the heating apparatus used in dwelling houses of sufficient convenience and accommodation to have bath rooms and bath tubs, so as to give the family the convenience of hot water for bathing purposes, is necessary in the state of comfort and society in which the defendant lives and moves. If I am right in this conclusion, plaintiff’s claim was one for necessaries within the meaning of the law.